UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FRANCOIS JOHNSON                                              PLAINTIFF

v.                          Case No. 3:17-cv-00115-KGB

INSTANT AUTO CREDIT
CORPORATION                                                  DEFENDANTS

## ORDER

This Court has consolidated two related actions filed by plaintiff Francois Johnson: *Johnson v. Instant Auto Credit Corp.*, No. 3:17-cv-00115 (*Johnson I*) and *Johnson v. Abernathy Motor Co.*, No. 3:17-cv-00127 (*Johnson II*). The Court has consolidated both actions into *Johnson I*.

Presently before the Court is a motion to dismiss filed by defendant Carl Oliver (*Johnson II*, Dkt. No. 9). Separate defendant Mr. Oliver moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Francois Johnson's complaint against him for failure to state claims upon which relief may be granted. Mr. Johnson, proceeding *pro se*, has timely opposed Mr. Oliver's motion (*Johnson II*, Dkt. No. 14). The Court grants Mr. Oliver's motion to dismiss (*Johnson II*, Dkt. No. 9). Furthermore, the Court *sua sponte* dismisses Mr. Johnson's claims against Instant Auto. Unless Mr. Johnson seeks leave of the Court to amend his complaint within 21 days from the entry of this Order to assert a claim over which this Court has federal jurisdiction, the Court is inclined to decline to exercise supplemental jurisdiction over any surviving state law claims Mr. Johnson may allege in his complaint.

I.     Factual And Procedural Background

The following facts are taken from Mr. Johnson's complaints filed in this action, unless otherwise noted (*Johnson I*, Dkt. No. 2; *Johnson II*, Dkt. No. 2).  The Court treats Mr. Johnson's allegations as true for the purposes of this Order.

Mr. Johnson purchased a 2007 Chevrolet Suburban (hereinafter, the "Vehicle") from Abernathy Motor Company ("Abernathy") on May 6, 2015 (*Johnson II*, Dkt. No. 2-2, at 1).  Mr. Johnson entered into a Retail Installment Contract (the "Contract") with Abernathy for the purchase of the Vehicle (*Johnson II*, Dkt. No. 2, ¶ 2).  Abernathy's rights under the Contract were assigned to Instant Auto Credit Corporation ("Instant Auto") (*Johnson II*, Dkt. No. 2-2, at 2).

Mr. Johnson has brought two lawsuits in relation to this transaction.  On May 17, 2017, he brought claims against Instant Auto under the Truth in Lending Act ("TILA"), 82 Stat. 146, 15 U.S.C. § 1601 *et seq.*, the Gramm-Leach-Bliley Act ("GLBA"), 113 Stat. 1436, 15 U.S.C. § 6801 *et seq.*, the Omnibus Appropriations Act of 2009, as amended by Section 1097 of the Dodd-Frank Act ("Dodd-Frank Act"), 123 Stat. 524, 12 U.S.C. § 5481 *et seq.*, and the Federal Trade Commission Act ("FTCA"), 38 Stat. 717, 15 U.S.C. § 45.  *See Johnson v. Instant Auto Credit Corp.*, No. 3:17-cv-00115 (*Johnson I*, Dkt. No. 2).  The next day, on May 18, 2017, Mr. Johnson brought the same claims against Mr. Oliver and Abernathy (*Johnson II*, Dkt. No. 2).  The claims against Mr. Oliver and Abernathy under the Omnibus Act and the FTC Act have already been dismissed (*Johnson II*, Dkt. No. 5).  Thus, all of Mr. Johnson's original claims against Instant Auto remain pending.

Mr. Johnson's only remaining claims against Mr. Oliver and Abernathy are based upon TILA and GLBA.  In general, Mr. Johnson contends that the defendants violated TILA because defendants did not provide him with TILA disclosure forms prior to the execution of the Contract

(*Johnson II*, Dkt. No 2, ¶ 15).  Mr. Johnson also alleges that defendants violated the GLBA by not providing him with a "Privacy Notice" (*Johnson II*, Dkt. No. 2, ¶ 1).  Furthermore, Mr. Johnson alleges that defendants violated the GLBA by sharing his "nonpublic information" with the assignee of the Contract, Instant Auto (*Johnson II*, Dkt. No. 2, ¶ 9).  Mr. Oliver filed the pending motion to dismiss the remaining claims against him on August 18, 2017 (*Johnson II*, Dkt. No. 9).

On March 23, 2018, the Court ordered the consolidation of the present case and *Johnson I*.  As Mr. Johnson was granted leave to proceed *in forma pauperis* in this case as well as in *Johnson I*, the Court is required to dismiss the claims made against Abernathy and Instant Auto if they (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from an individual immune to such relief.  28 U.S.C. § 1915(e)(2)(B).  Therefore, the Court is required to screen Mr. Johnson's remaining claims against Abernathy and Instant Auto.

**II.     Standard of Review**

Mr. Oliver moves to dismiss the claims against him alleging that Mr. Johnson's claims run afoul of Rule 12(b)(6).  Per 28 U.S.C. § 1915(e)(2)(B), the Court must also screen Mr. Johnson's remaining claims against Abernathy and Instant Auto.  To survive a motion to dismiss under Rule 12(b)(6) or screening under 28 U.S.C. § 1915(e)(2)(B), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

3

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Discussion

Mr. Oliver moves to dismiss all of the federal claims Mr. Johnson has made against him. Mr. Johnson's causes of action under the Omnibus Act and the FTC Act have already been dismissed. The Court agrees with Mr. Oliver that Mr. Johnson's remaining federal law claims, as currently pled, are insufficient to state a claim for relief. Furthermore, screening Mr. Johnson's claims against Abernathy and Instant Auto, the Court finds that the claims against Abernathy and Instant Auto are insufficiently pled to state claims for relief.

#### A. Truth In Lending Act Claims

Mr. Johnson alleges that defendants failed to provide him with TILA disclosures prior to Mr. Johnson's purchase of the Vehicle (*Johnson II*, Dkt. No. 2, ¶ 15). Mr. Johnson's TILA allegations are generalized and conclusory (*See Johnson II*, Dkt. No. 2, ¶ 15 (implying that defendants failed to provide Mr. Johnson with TILA disclosure forms)). Nonetheless, Mr. Johnson's TILA claim appears to be based on allegations that the defendants failed to provide Mr. Johnson with the required TILA disclosures. Mr. Johnson argues that these violations entitle him to damages in the amount of $1,000,000.00 plus punitive damages (*Johnson II*, Dkt. No. 2, at 5).

4

For the following reasons, Mr. Johnson's claim for damages under TILA against Mr. Oliver, Abernathy, and Instant Auto are dismissed.

First, Mr. Johnson has failed to allege a claim upon which relief may be granted against Mr. Oliver, Abernathy, and Instant Auto for TILA violations.

> The Complaint fails to cite specific statutory requirements or allege specific conduct of individual Defendants violating these requirements. Plaintiff does not specify what required disclosures Defendants have failed to provide or which Defendants were required to provide them. Plaintiff does not specify which funds have been improperly retained by which Defendants. Plaintiff does not identify the authority requiring Defendants to disclose the status of the ownership of the loan. As a result, it does not set forth a cognizable legal theory and cannot survive Defendant's motion to dismiss.

*Serrano v. Sec. Nat'l Mortg. Co.*, No. 09-CV-1416, 2009 WL 2524528, at *2 (S.D. Cal. Aug. 14, 2009). For the same reasons, Mr. Johnson's claims against Mr. Oliver, Abernathy, and Instant Auto must fail.

Second, even if Mr. Johnson were to allege sufficient facts to establish a colorable claim for damages under TILA, it appears to be time-barred. TILA provides a one-year statute of limitations for any claim for damages under TILA. 15 U.S.C. § 1640(e). Generally, TILA's statute of limitations runs from the data of the consummation of the credit transaction at issue. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986); *Whatley v. Reconstrust Co. NA*, No. 3:10-cv-00242-JLH, 2010 WL 4916372, at *4 (E.D. Ark. Nov. 23, 2010). "A loan is deemed consummated at the time that a consumer becomes contractually obligated on a credit transaction." *Whatley*, 2010 WL 4916372, at *4 (citing *King*, 784 F.2d at 915 and 12 C.F.R. § 226.2(a)(13)). In this case, based on the allegations in Mr. Johnson's complaint, the credit transaction was consummated on May 6, 2015, when Mr. Johnson entered into the Contract, and the statute of limitations expired on May 6, 2016, approximately one year before Mr. Johnson filed the instant action. Further, based on the allegations in his complaint, Mr. Johnson has not pleaded any basis for equitable tolling that would

justify extending the statute of limitations.  Accordingly, Mr. Johnson's TILA claims against Mr. Oliver, Abernathy, and Instant Auto are time-barred.

For these reasons, the Court dismisses without prejudice Mr. Johnson's TILA claims against Mr. Oliver, Abernathy, and Instant Auto.  Mr. Johnson may seek leave of the Court to amend these claims, in accord with the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Eastern and Western Districts of Arkansas.  The Court directs Mr. Johnson to seek leave to amend his complaint within 21 days from the entry of this Order, if he chooses to do so.

### B. Gramm-Leach-Bliley Act Claims

Mr. Johnson also alleges that Mr. Oliver, Abernathy, and Instant Auto violated GLBA by failing to provide Mr. Johnson with a "Privacy Notice" (*Johnson II*, Dkt. No. 2, ¶ 2) and by sharing Mr. Johnson's "nonpublic information" with Instant Auto (*Johnson II*, Dkt. No. 2, ¶ 9).  Like his TILA claims, Mr. Johnson's GLBA claims are conclusory and lack the particularized pleading and necessary factual allegations to survive a Rule 12(b)(6) motion.

Even construing Mr. Johnson's complaint liberally, his GLBA claims must be dismissed because "[n]o private right of action exists for an alleged violation of the GLBA."  *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (internal citations omitted).  Since no private cause of action exists under the GLBA, this Court dismisses without prejudice Mr. Johnson's claim under GLBA against Mr. Oliver, Abernathy, and Instant Auto.  Mr. Johnson may seek leave of the Court to amend these claims, in accord with the Federal Rules of Civil Procedure and Local Rules of this Court.  The Court directs Mr. Johnson to seek leave to amend his complaint within 21 days from the entry of this Order, if he chooses to do so.

### C. Federal Trade Commission Act and Dodd-Frank Act Claims Against Instant Auto Credit Corp.

After screening Mr. Johnson's first complaint, the Court dismisses Mr. Johnson's claims under the FTCA and the Dodd-Frank Act against Instant Auto. Mr. Johnson claims that Instant Auto violated the FTCA when it engaged in "unfair or deceptive acts or practices in or affecting commerce." (*Johnson I*, Dkt. No. 2). He also alleges that Instant Auto violated the Dodd-Frank Act (*Id.*, at 1). Neither the FTCA nor the Dodd-Frank Act provide for a private right of action. *See Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996) (holding that the FTCA does not provide for a private right of action); *Nixon v. Brent Manning's Quality Preowned, Inc.*, No. 5:16-cv-5003, 2016 WL 6090735, at *3 (W.D. Ark. Oct. 17, 2016) (same); *see also Wilson v. Beneficial Mortg. Co., HSBC*, No. 3:16-cv-00217, 2017 WL 489685, at *5 (M.D. Pa. Jan. 18, 2017) (holding that Dodd-Frank did not create a private right of action for violations of TILA). Therefore, Mr. Johnson's claims under the FTCA and the Dodd-Frank Act must be dismissed.

### D. Remaining State Law Claims

The Court has dismissed Mr. Johnson's federal claims over which this Court has federal jurisdiction. Mr. Johnson's complaint does not clearly set forth the claims he intends to allege; it is unclear whether he alleges claims under state law. Unless Mr. Johnson seeks leave of the Court to amend his complaint to state a viable claim for violations of federal law, the Court is not inclined to exercise supplemental jurisdiction over any remaining state law claims Mr. Johnson may allege. *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

## IV. Conclusion

For the reasons set forth above, this Court grants Mr. Oliver's motion to dismiss (*Johnson II*, Dkt. No. 9). The Court dismisses without prejudice Mr. Johnson's claim under TILA against Mr. Oliver and dismisses without prejudice Mr. Johnson's claim under GLBA against Mr. Oliver. The Court also dismisses without prejudice Mr. Johnson's claims under TILA against Abernathy and Instant Auto and dismisses Mr. Johnson's claims under GLBA against Abernathy and Instant Auto. The Court also dismisses without prejudice Mr. Johnsons claims under the FTCA and Dodd-Frank Act against Instant Auto.

Mr. Johnson has 21 days from the entry of this Order to move the Court for leave to amend. If Mr. Johnson does not seek leave to amend his complaint during that time, the Court will decline to exercise supplemental jurisdiction over Mr. Johnson's remaining state law claims and dismiss without prejudice those claims, as well.

So ordered this 30th day of March, 2018.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge