# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

FRANCOIS JOHNSON                                                                                PLAINTIFF

v.                                          Case No. 3:17-cv-00115-KGB

INSTANT AUTO CREDIT CORPORATION, *et al*.                                DEFENDANTS

## ORDER

On March 30, 2018, this Court consolidated two related actions filed by plaintiff Francois Johnson: *Johnson v. Instant Auto Credit Corp.*, No. 3:17-cv-00115 (*Johnson I*) and *Johnson v. Abernathy Motor Co.*, No. 3:17-cv-00127 (*Johnson II*). The Court consolidated both actions into *Johnson I* (Dkt. No. 24). Mr. Johnson brings claims against defendants Instant Auto Credit Corporation ("Instant Auto"), Abernathy Motor Company ("Abernathy"), and Carl Oliver under the following federal statutes: the Truth in Lending Act, 82 Stat. 146, 15 U.S.C. § 1601 *et seq*. ("TILA"), the Gramm-Leach-Bliley Act, 113 Stat. 1436, 15 U.S.C. § 6801 *et seq*. ("GLBA"), the Omnibus Appropriations Act of 2009, as amended by Section 1097 of the Dodd-Frank Act ("Dodd-Frank Act"), 123 Stat. 524, 12 U.S.C. § 5481, *et seq*., and the Federal Trade Commission Act, 38 Stat. 717, 15 U.S.C. § 45 ("FTCA"). The Court dismissed by separate order the Omnibus Act and the FTCA claims against Mr. Oliver and Abernathy (*Johnson II,* Dkt. No. 5).

Also on March 30, 2018, the Court granted Mr. Oliver's motion to dismiss (Dkt. No. 25). In that Order, the Court dismissed without prejudice Mr. Johnson's claims under the TILA and the GLBA against Instant Auto (*Id*.). The Court dismissed without prejudice Mr. Johnson's claims under the TILA and the GLBA against Abernathy (*Id*.). The Court dismissed without prejudice Mr. Johnson's claims under the TILA and the GLBA against Mr. Oliver (*Id*.). The Court dismissed without prejudice Mr. Johnson's claims under the FTCA and the Dodd-Frank Act against Instant

Auto, noting that these laws do not provide for a private right of action (*Id*.). Thus, the Court dismissed all of Mr. Johnson's federal claims over which this Court had federal jurisdiction.

The Court then directed Mr. Johnson to seek leave to amend his complaint within 21 days of the date of the Order to assert a claim over which the Court has federal jurisdiction and stated that, if Mr. Johnson did not seek leave to amend his complaint during that time, the Court would decline to exercise supplemental jurisdiction over Mr. Johnson's remaining state law claims (*Id*., at 8). Mr. Johnson has not filed a motion seeking leave to amend, and the time for doing so has passed. The Court declines to exercise supplemental jurisdiction over Mr. Johnson's state law claims and dismisses without prejudice those claims.

As such, the Court dismisses this action in its entirety, consistent with this Court's prior Orders and this Order. Judgment will be entered accordingly.

So ordered this the 25th day of June, 2018.

*Kristine G. Baker*
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE